**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| OMAR SANTIAGO NIETO OROZCO,<br>Petitioner,<br>v.<br>TODD BLANCHE,<br>Respondents. | Case No. 5:26-cv-06106-MBK<br><br>ORDER GRANTING WRIT OF HABEAS CORPUS |

Petitioner Omar Santiago Nieto Orozco, an eighteen-year-old native and citizen of Mexico, is in the custody of the Department of Homeland Security ("DHS") at the Adelanto Detention Facility. Eight years ago, Mr. Nieto Orozco's mother fled from the Los de Jalisco cartel in Michoacán, Mexico, along with Mr. Nieto Orozco and his siblings. In December 2018, the family—mother and three minor children—presented themselves to immigration authorities at the San Ysidro Port of Entry to seek asylum. A few days later, DHS released the family from custody on parole pursuant to 8 C.F.R. § 212.5, pending the adjudication of their asylum claims. For the past seven and a half

years, the family has resided in Southern California. During this time, Mr. Nieto Orozco has attended elementary and high school, has no criminal convictions, and has pursued his asylum application, which remains pending.

On September 24, 2026, Mr. Nieto Orozco was arrested by the Los Angeles Police Department ("LAPD") on suspicion of public intoxication. LAPD released him the following morning and, as yet, no charges have been filed. As Mr. Nieto Orozco left the station, ICE officers took him into custody without notice, a hearing, or any explanation for terminating his parole. In the instant habeas petition, Mr. Nieto Orozco argues that the revocation of his parole without adequate process violates due process and the Administrative Procedure Act ("APA"). He requests immediate release. In their Answer, Respondents argue that Petitioner is entitled to a post-deprivation bond hearing, not release, but do not address Petitioner's claims that he was re-detained without the procedural protections required by the immigration regulations.

For the reasons that follow, the Court concludes that Mr. Nieto Orozco's re-detention violated the immigration regulations governing parole and that Respondents do not meaningfully dispute his procedural due process and APA claims. Accordingly, the Court grants the Petition and issues a writ of habeas corpus requiring Mr. Nieto Orozco's immediate release.

## I. FACTUAL AND PROCEDURAL HISTORY

Petitioner Omar Santiago Nieto Orozco is an eighteen-year-old native and citizen of Mexico. Dkt. 1 at 4. Petitioner and his family entered the United States in December 2018, when Petitioner was ten years old. *Id.* at 5. In Mexico, Petitioner lived in Michoacán with his mother and two younger siblings. *Id.* at 4. Petitioner's mother fled Michoacán with her children after

being extorted and threatened by the Los de Jalisco cartel, fearing the cartel would kill them. *Id.* at 4-5.

On December 22, 2018, Petitioner's mother presented herself and her three children to immigration authorities at the San Ysidro Port of Entry, intending to seek asylum. *Id.* at 5. DHS held the family in immigration custody as a family unit. *Id.* On December 24, 2018, DHS designated Petitioner as an "arriving alien" and placed him in removal proceedings with a Notice to Appear ("NTA") that charged him with inadmissibility under 8 U.S.C. § 1182(a)(7)(A)(i)(I). *Id.* Petitioner's mother signed the certificate of service. *Id.* On December 26, 2018, DHS released Petitioner from physical custody with a Form I-830 that stated he was "Paroled pursuant to 8 CFR 212.5." Dkt. 1-3. DHS concurrently issued the family Notices of Release that required them to report in person to an ATD office in Los Angeles on January 7, 2019. Dkt. 1-4; Dkt. 1-5. The family appeared at the office as directed on that date. Dkt. 1 at 6.

At the January 7, 2019, appearance, ICE placed an ankle monitor on Petitioner's mother. *Id.* ICE did not require or impose other conditions on any family member. *Id.* Approximately three months later, ICE removed the ankle monitor and instructed Petitioner's mother that neither she nor the children were required to continue reporting. *Id.* To date, no reporting or other conditions have been reimplemented. *Id.* The family's immigration cases were consolidated, and they have attended proceedings on November 22, 2019, February 10, 2020, and January 20, 2023. *Id.* at 7. Petitioner has had an Application for Asylum and for Withholding of Removal pending since December 6, 2022. Dkt. 1-6 at 9.

Petitioner and his family have resided in Southern California since first entering the country on December 26, 2018. Dkt. 1 at 6. Petitioner has lived

with his mother and turned eighteen on May 13, 2026. *Id.* at 6-7. Petitioner attended both elementary school and middle school in the Los Angeles area and currently attends a charter high school in San Fernando. *Id.* Before September 24, 2026, Petitioner has never been charged with any criminal offense, in the United States or elsewhere. *Id.* at 7.

On September 24, 2026, Petitioner was with a friend in Sylmar, California, when he was arrested by the LAPD for disputed reasons—either on suspicion of public intoxication or suspicion of driving under the influence. Dkt. 1 at 3; Dkt. 7-2 at 4. As of the date of his reply, Petitioner had not been charged with any crime and had no pending criminal matters. Dkt. 1 at 7; Dkt. 1-7; Dkt. 8 at 18-20. LAPD released Petitioner on September 25, 2026, and, as he was exiting the jail, ICE officers approached Petitioner, interviewed him, and took him into custody. Dkt. 7-2 at 3. Prior to his re-detention, ICE did not inform Petitioner that his parole would be terminated, that his release would be revoked, or that he was accused of violating any condition of his release. Dkt. 1 at 8. The arrest warrant is dated September 25, 2026, and indicates it was served on Petitioner while he was in federal custody. Dkt. 7-4 at 2. The notice of custody determination is also dated September 25, 2026, with a timestamp of 1:01 p.m. Dkt. 7-3 at 2.

Petitioner filed the instant habeas petition on October 15, 2026. Dkt. 1. He argues (1) the revocation of his prior release without adequate process violates procedural due process, (2) his continued detention without a constitutionally adequate re-detention hearing violates procedural due process, (3) his arbitrary detention violates substantive due process, (4) the arbitrary and capricious termination of his December 2018 release violates the APA, and (5) the termination of his December 2018 release without following statutorily required procedures violates the APA. *Id.* at 33-42.

Petitioner also argues exhaustion is not required and would be futile in this case. *Id.* at 42-45. Petitioner requests immediate release. *Id.* at 45-47.

Respondents filed their response on October 23, 2026. Dkt. 7. They provide Petitioner's Form I-213 (Record of Deportable/Inadmissible Alien), Form I-286 (Notice of Custody Determination), and Form I-200 (Warrant for Arrest of Alien). Dkt. 7-2; Dkt. 7-3; Dkt. 7-4. Respondents argue Petitioner's only available remedy is "a bond hearing pursuant to *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160 (9th Cir. 2026), pending the outcome of [Petitioner's] removal proceedings, which are in process." Dkt. 1 at 2. Respondents contend Petitioner is not entitled to release because 8 C.F.R. § 287.7(a) permits the agency to detain criminal noncitizens upon release from state prisons and jails. *Id.* ICE took Petitioner into custody after his release from state jail and served Petitioner an administrative arrest warrant and a notice of custody determination. *Id.* at 3.

In his reply, Petitioner argues Respondents do not substantively address the issues raised in the Petition, namely, the termination of Petitioner's parole. Dkt. 8 at 2. Petitioner argues that 8 C.F.R. § 212.5 requires specific procedures for termination of parole, and Respondent's answer "does not explain how Petitioner's documented parole was lawfully terminated, identify any written termination notice or applicable automatic-termination ground, or identify the authorized official's determination supporting termination." *Id.* at 8. Accordingly, the possibility of a future bond hearing as remedy "does not answer whether Respondents lawfully revoked [Petitioner's] prior release in the first place." *Id.* Petitioner again requests immediate release. *Id.* at 15.

## II. DISCUSSION

Petitioner argues that he is entitled to release because, *inter alia*, Respondents improperly revoked his parole without the procedural protections required by the immigration regulations, in violation of due process and the APA. *See* Dkt. 1 at 33-34, 40-41. In support of his claims, Petitioner provides documentary proof that he was released on parole in 2018. *See* Dkt. 1-2 (Form I-862, Notice to Appear); Dkt. 1-3 (Form I-830, Notice to EOIR: Alien Address); Dkt. 1-4 (Petitioner's Notice of Release and Proof of Service); Dkt. 1-5 (Petitioner's mother's Notice of Release and Proof of Service). Respondents do not challenge the authenticity of those documents or otherwise dispute Petitioner's allegations that he was released on parole. The Court therefore concludes that Petitioner was released on parole under 8 U.S.C. § 1182(d)(5) and is subject to the re-detention procedures set forth in 8 C.F.R. § 212(e).

Respondents also do not dispute—or even address—Petitioner's claims that immigration authorities failed to follow the required procedures under 8 C.F.R. § 212(e) and re-detained him without notice or meaningful opportunity to be heard.[1] Respondents' failure to contest Petitioner's due process and APA claims is a concession. *See Rojas v. Mullin*, No. 26-cv-1437 FMO-MAA, 2026 WL 1105039, at *1 (C.D. Cal. Apr. 17, 2026) (granting petition where "the court construes respondents' failure to address petitioner's due process claim as a concession"); *Khoury v. Noem*, No. 5:26-CV-00113-SRM-MBK, 2026 WL 846040, at *3 (C.D. Cal. Jan. 22, 2026) (granting TRO requiring the petitioner's release where "the Court construes Respondents' failure to address this argument as a concession that Petitioner is likely to succeed on

---

[1] Respondents claim that they were permitted to detain Petitioner following his release from jail, citing 8 C.F.R. § 287.7(a). Dkt. 7 at 1. But that regulation authorizes DHS to issue a detainer to law enforcement agencies, which DHS did here. *See* Dkt. 7-2. It does not address the procedures for revoking parole, which are located at 8 C.F.R. § 212(e).

the merits of this claim"); *E-M- v. Hermosillo*, No. 3:25-cv-1083-SI, 2026 WL 883776, at *1 (D. Or. Mar. 31, 2026) ("Respondents do not challenge Count Three on the merits and thus the Court finds that Respondents have waived any such challenge and conceded those aspects of Count Three of the Petition"); *Soleimani v. Larose*, No. 25-cv-3082-DMS-DEB, 2025 WL 3268412, at *3 (S.D. Cal. Nov. 24, 2025) (granting petition because, "[b]y failing to respond to the claims actually asserted, Respondents have conceded the claims").

In light of Respondents' non-opposition, the Court concludes that the Government violated 8 C.F.R. § 212(e) by terminating Petitioner's parole without adequate notice or an opportunity to be heard. The regulations only permit the Government to terminate a noncitizen's parole where it determines that "the purpose for which parole was authorized" has been accomplished or "neither humanitarian reasons nor public benefit warrants the continued presence of the alien in the United States" and provides notice to the noncitizen of that determination. 8 C.F.R. § 212.5(e)(2)(i). The notice must be individualized and "must include a cogent description of the reasons supporting the revocation decision." *Khosa v. Noem*, No. 1:26-cv-00532-JLT-CDB, 2026 WL 555503, at *5 (E.D. Cal. Feb. 27, 2026), *adopted*, 2026 WL 670321 (E.D. Cal. Mar. 10, 2026).

Respondents' failure to follow these procedures violated Petitioner's rights under the Due Process Clause and the APA. As the Court has previously observed, "the notice required by 8 C.F.R. § 212.5(e)(2) is not an empty formality. It provides the basis for the Government's determination that parole should be terminated—and the noncitizen should be detained—and affords the noncitizen notice and an opportunity to respond to the Government's asserted basis for termination. The notice therefore ensures

that the Government has lawful authority to detain a noncitizen previously released on parole." *Bekhoev v. Marin*, No. 5:26-cv-00612-MBK, 2026 WL 1045058, at *3 (C.D. Cal. Apr. 8, 2026) (citing *Y-Z-L-H v. Bostock*, 792 F. Supp. 3d 1123, 1143 (D. Or. 2025) (observing that the Government Respondents conceded that if "they unlawfully terminated Petitioner's parole" without proper notice, "then Respondents do not have a lawful basis for Petitioner's detention")). "It also ensures that the Government does not engage in arbitrary and capricious decisions, in violation of the APA, by providing a reasoned explanation for their action." *Id.* (cleaned up) (citing *FCC v. Fox Television Stations, Inc.*, 556 U.S. 502, 515 (2009)).

Here, Petitioner alleges—and Respondents do not dispute—that ICE officers terminated his parole and re-detained him "without the written notice required by 8 C.F.R. § 212.5(e)(2)(i)," (Dkt. 1 at 33), and without "an individualized determination by an authorized official that the purpose of Petitioner's release had been served, that neither humanitarian reasons nor public benefit warranted Petitioner's continued presence, that Petitioner violated a release condition, or that the conditions of his release had become inadequate." *Id.* at 37. Petitioner has now been detained for over a month and the record does not indicate he has yet received any of these required protections.

Under these circumstances, the Court concludes that Respondents violated 8 C.F.R. § 212.5(e) by denying Petitioner notice and a meaningful opportunity to be heard before he was re-detained. Accordingly, the Court concludes that "Petitioner's prompt release is the remedy that will best return Petitioner to the status quo and restore his position" as it was before the violations of Petitioner's rights. *Chowdhury v. Lyons*, No. 5:26-cv-01252-MEMF-E, 2026 WL 1045562, at *7 (C.D. Cal. Apr. 13, 2026); *Movsesyan v.*

*Bondi*, No. 5:26-CV-00875-MBK, 2026 WL 712824, at *4 (C.D. Cal. Mar. 9, 2026) (same, collecting cases).[2]

## III. CONCLUSION

For the foregoing reasons, the Court concludes that Petitioner is entitled to habeas relief. It is therefore ORDERED that: (1) Judgment be entered granting the Petition; (2) a writ of habeas corpus be issued requiring Petitioner Omar Santiago Nieto Orozco's (A# 201-427-315) immediate release under the same conditions governing his prior release and prohibiting his re-detention absent a hearing before a neutral decisionmaker at which the Government must show changed circumstances warranting his re-detention; (3) Respondents shall return to Petitioner, upon his release, all personal property and identity documents taken form him at the time of his re-detention; and (4) Respondents file a status report within three (3) calendar days from the date of this order confirming Petitioner's release and compliance with this order.

Dated: October 26, 2026

HON. MICHAEL B. KAUFMAN
UNITED STATES MAGISTRATE JUDGE

[2] Because the Court finds Petitioner is entitled to release on his due process and APA claims, it declines to address his remaining claims.